UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor : : Plaintiff, : : v. : : ST. JAMES TEAROOM, INC., : MARY ALICE HIGBIE AND : DANIEL HIGBIE, INDIVIDUALLY : : Defendants. : : | Civil Action No. 13-1156 |

## COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor, brings this action to enjoin the defendants, St. James Tearoom, Inc., Mary Alice Higbie, and Daniel Higbie from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Section 201, et seq., hereinafter referred to as the Act, and to restrain defendants from withholding payment of minimum wage and overtime compensation found by the Court to be due employees under the Act, and an equal amount as liquidated damages due to the employees who are named in the attached Exhibit A.

I.

This court has jurisdiction over this action pursuant to Sections 16 and 17 of the Act, 29 U.S.C. Sections 216 and 217, and 28 U.S.C. Sections 1331 and 1345.

II.

1. Defendant, St. James Tearoom, Inc. ("St. James"), is now, and at all times hereinafter mentioned has been, a New Mexico corporation with a place of business and doing business at 320 Osuna NE, Suite D, Albuquerque, New Mexico, within the jurisdiction of this

1

Court.

2.      Defendant Mary Alice Higbie has a place of business and is doing business in Albuquerque, New Mexico, within the jurisdiction of this Court, where Mary Alice Higbie, is and at all times hereinafter mentioned was, an owner of defendant St. James and actively manages, supervises and directs the business affairs and operations of defendant St James.  Ms. Higbie acts and has acted, directly and indirectly, in the interest of defendant St. James in relation to its employees and is an employer of these employees within the meaning of the Act.

3.      Defendant Daniel Higbie has a place of business and is doing business in Albuquerque, New Mexico, within the jurisdiction of this Court, where Daniel Higbie, is and at all times hereinafter mentioned was, an owner and manager of defendant St. James and actively manages, supervises and directs the business affairs and operations of defendant St James.  Mr. Higbie acts and has acted, directly and indirectly, in the interest of defendant St. James in relation to its employees and is an employer of these employees within the meaning of the Act.

III.

At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. Section 203(r), in that Defendants have been, through unified operation or common control, engaged in the performance of related activities. Specifically, Defendants operate a restaurant specializing in the sale of tea, fine, china and accessories.

IV.

At all times hereinafter mentioned, St. James has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. §203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods

for commerce within the meaning of Section 203(s)(1)(A), in that Defendants have employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated). Among other interstate activity, Defendants order merchandise, including but not limited to teas and fine china from California, England and other out-of-state locations.

V.

During the period since December 5, 2011, Defendants have violated and are violating the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§206 and 215(a)(2), by paying employees employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act at rates less than the applicable minimum hourly rates required by Section 6 of the Act.  Defendants required that its employees, including dishwashers, servers and shift leaders join a mandatory tip pool.  Dishwashers are ineligible for tip pools, so the Section 3(m), 29 U.S.C. Section 203(m), tip credit does not apply rendering the tip credit used from the tip pool for all employees invalid.  Additionally, in workweeks in which employees worked overtime, the Defendants failed to pay said employees the highest applicable minimum wage, which was the state of New Mexico minimum wage.

VI.

During the period since December 5, 2011, Defendants have violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates not less than one and one-half times

the regular rates at which they were employed.  Defendants paid time and one half of the cash wage of $2.13, rather than time and one half of the applicable minimum wage.

VII.

As a result of the violations of the Act, minimum wages and overtime compensation has been unlawfully withheld by the Defendants from their employees.

VIII.

During the period since December 5, 2011, Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§211(c) and 215(a)(5), in that Defendants have failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§211(c) and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516 in that their records failed to show, among other things, the hours worked each day and the total hours worked each week by many of their employees.  Defendants maintained semi-monthly payroll summaries that did not accurately reflect hours worked each workday and total hours worked each workweek by their employees.

IX.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants St. James, Mary Alice Higbie and Daniel Higbie as follows:

1.      For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from violating Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

      2.      For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wages and overtime compensation due to Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded; and

      3.      For an Order pursuant to Section 17 enjoining and restraining Defendants from withholding payment of unpaid minimum wages and overtime found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621; and

      4.      For an Order awarding plaintiff the costs of this action; and

      5.      For an Order granting such other and further relief as may be necessary and appropriate.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | M. PATRICIA SMITH<br>Solicitor of Labor |
|  | JAMES E. CULP<br>Regional Solicitor |
| LOCAL COUNSEL: | MARGARET TERRY CRANFORD<br>Counsel for Wage and Hour |
|  | BY: |
| MICHAEL HOSES<br>Assistant United States Attorney | */s/ Colleen B. Nabhan*<br>COLLEEN B. NABHAN<br>Attorney in charge,<br>TX Bar No. 14769500 |
| United States Attorney<br>District of New Mexico<br>P.O. Box 607<br>Albuquerque, New Mexico 87103<br>Telephone: 505/346-7205<br>Facsimile: 505/346-7296 | U. S. Department of Labor<br>Office of the Solicitor<br>525 Griffin Street, Suite 501<br>Dallas, Texas  75202<br>Telephone:  972/850-3100<br>Facsimile:  972/850-3101 |
| RSOL No. 0640-13-01223 | Attorneys for Plaintiff. |

## **Exhibit A**

Alarcon, Veronica
Anderson, Alden
Ashcraft, Laura
Avery, Pearl
Beasley, Gina
Cave, Janisse
Chavez, Jordan
Cox, Krystal
Gassaway, Olivia
Gassaway, Victoria
Gillespie, Annette
Goodman, Nicole
Hall, McKenzie
Hammer, Micha
Heintzelman, Jessica
Henderson, Tina
Hoffman, Amber
Hope, Heather
Hughes, Hannah
Janson, Heather
Lowery, Morgan
McMath, Kate
Medina, Manessa
Morrison, Lisa
Mouchet, Elise
Perez, Austin
Perez, Catalina
Pettitt, Jacqueli
Prigge, Bethany
Raines, Sonya
Scott, Ondine
Sedillo, Stephanie
Simmons, Carissa
Szucs, Kathryn
Terry, Carl Eric
Tipton, Ben
Tipton, Kate
Ubiera, John
White, Nicole
Wortman, Emily
Wortman, Sara
Yu, Elizabeth