UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor,<br>United States Department of Labor,<br><br>      **Plaintiff,**<br><br>v.<br><br>ST. JAMES TEAROOM, INC.,<br>MARY ALICE HIGBIE AND<br>DANIEL HIGBIE, INDIVIDUALLY,<br><br>      **Defendants.** | :<br>:<br>:<br>:<br>:  Civil Action No.  13-1156 GBW/KBM<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

CONSENT JUDGMENT

Plaintiff has filed his complaint and Defendants, without admitting they have violated any provision of the Fair Labor Standards Act of 1938, have agreed to the entry of judgment without contest.  It is, therefore, upon motion of the Plaintiff and for cause shown,

ORDERED Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them be permanently enjoined from violating the provisions of Sections 6, 7 & 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq., hereinafter referred to as the Act, in any of the following manners:

1.  Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less the minimum hourly rates required by Section 6 of the Act.

2.  Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2) employ any employee in commerce or in the production of goods for commerce, or in an

enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless the employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed.

 3. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve accurate records of the persons employed by them, and the wages paid, hours worked and other conditions and practices of employment prescribed by regulations issued by the Administrator of the Wage and Hour Division, United States Department of Labor (29 C.F.R. Part 516).

 4. Defendants are enjoined from withholding minimum wages and overtime compensation in the amount of **$25,286.70** in back wages, plus an additional **$25,286.70** in liquidated damages, for a total amount of back wages and liquidated damages of **$50,573.40**, plus interest computed at the rate of 1% percent which is due to the employees named in Exhibit "A" for the period December 5, 2011 through February 6, 2013. To comply with this provision, Defendants shall deliver to the Plaintiff twelve (12) cashier's or certified checks payable to "Wage and Hour-Labor" mailed to U.S. DOL Wage Hour Division, Attn: Teronika Gaines, 525 Griffin, Suite 800, Dallas, Texas 75202 in the amounts and the times herein set forth:

 Payment of **$4,214** in a total of twelve (12) consecutive monthly installments.

 The first installment is due and payable on November 1, 2014 and the remaining Installments will be due and payable on or before the same day of each succeeding month.

Plaintiff shall make appropriate distribution to the employees, or their estate if necessary, less income tax and social security deductions. In the event that any of the money cannot be distributed and paid by plaintiff within three (3) years because of inability to locate the proper persons or because of their refusal

to accept, the money shall be deposited with the Treasurer of the United States. In the event of default by the defendants, the total balance shall then become due and interest shall be assessed against the unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of this judgment until the total amount is paid in full.

5. The right of defendants' employees not specifically named in Exhibit A to bring an action under Section 16(b) of the Fair Labor Standards Act 29 U.S.C. § 216(b), shall be restored and neither the filing of this action nor the entry of this judgment shall bar an action and the statute of limitations in such action shall be deemed tolled from December 5, 2011 through February 6, 2013, except to the extent such employees were disclosed to the Secretary of Labor in the course and scope of its 2013 investigation.

6. The parties agree the filing of this action and provisions of this judgment shall not be interpreted to prejudice or preclude the rights of the Secretary of Labor, or any employees of defendants, in any action filed by the Secretary of Labor, or by an employee, under the Act covering violations alleged to have occurred after February 6, 2013.

7. Each party agrees to bear his or her own attorneys' fees, costs and other expenses in connection with any stage of this proceeding, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

8. This Court shall retain jurisdiction to modify and enforce the terms and conditions of this Consent Judgment and to resolve disputes arising hereunder as may be necessary or appropriate for the construction or execution of this Consent Judgment.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**